Richard H. Edwards, Esq. County Attorney, Franklin
I am writing in response to your request for an Attorney General's opinion as to whether a coin-operated "Stress 2001" machine constitutes gambling under New York State law.
Stress 2001 is a self-described "Heart and Stress Test Machine Dispensing Scratch Win Tickets". The customer places 50¢ in the machine and then has the heart and stress tests performed on him or her. (The nature of the tests is not described in the material accompanying your letter.) After the test has been completed, the machine dispenses a "scratch and win" contest ticket. In actuality, each ticket allows the holder to participate in two contests. In the first game, the instant game, the customer, by scratching off an opaque material on the surface of the card, can determine if he has won one of the instant prizes, ranging in value from 25¢ to $50. Each card also has a letter on it. If the customer collects four cards that spell out "C-A-S-H", he becomes eligible for the second contest, a random drawing for a prize of $25,000. According to the rules of the game, printed on the back of the ticket, a person may also obtain a ticket entitling him to participate in both the instant game and the drawing without paying the 50¢ by sending a self-addressed stamped envelope to the game's sponsor by a certain date. According to the contest rules, the grand prize contest ends when the drawing is made, but no date is given as to when this occurs. The instant game does not have a deadline, but "expires when the supply of cards is exhausted". It is not clear from the materials submitted whether the availability of tickets by mail is disclosed on the outside of the machine. The Stress 2001 promotion has been registered with the New York State Department of State, as required by the General Business Law. You have asked whether the game is legal under New York State law.
New York has a general constitutional prohibition against gambling which has been strictly construed by this office (Op Atty Gen No. 85-12; Op Atty Gen No. 84-F1).* The specific statutory definition of gambling has three elements: (1) the bettor must stake or risk something of value; (2) winnings must be contingent upon the outcome of a contest of chance or a future event not under the bettor's control; and (3) winnings must consist of something of value as defined in the Penal Law (Penal Law, § 225.00[2]).
Merchants and entrepreneurs who wish to promote their businesses by sponsoring games of chance may do so without running afoul of the Penal Law. By allowing persons to participate in the contests without making purchases, the first element of gambling, that of a stake, is eliminated (Kayden Industries, Inc. v Lefkowitz, 46 Misc.2d 423 [Sup Ct, N Y Co, 1965]; 1977 Op Atty Gen 18). Section 369-e of the General Business Law requires that businesses that do sponsor's promotional schemes of this type register with the Department of State.** The purpose of section 369-e is to regulate these games of chance in order to prevent manipulation. Although the Department of State will refuse to register games that are illegal on their face, registration, in and of itself, does not establish a game's legality.
The issue we find to be dispositive is the deadline imposed for obtaining tickets without a purchase. Although the game rules state that no purchase is necessary, mailed requests for tickets must be received by November 1, 1985. After this date, the only way a person can participate in either game is to pay 50¢. The instant game has no deadline, and may continue for months or even years after the cut-off date. The contest would continue for a significant period of time without any way to obtain tickets other than purchase. In our opinion, this makes the "no purchase necessary" provision in the rules meaningless. Because a purchase is required after the deadline in order to participate in both games, we believe that at this point the games become illegal gambling.*
Section 369-e also requires promoters to post the contest rules in a prominent place within the establishment where the promotion takes place (General Business Law, § 369-e). Significant among these rules are the means by which a person can participate without making a purchase. It is this "no purchase necessary" provision which affords the game protection under section 369-e. The materials submitted with your request, particularly the picture of the Stress 2001 machine itself, do not indicate whether these rules are displayed on the machine itself. We note that unless the rules are prominently posted in accordance with section 369-e(2), operation of the game would be illegal.
We conclude that a machine which dispenses a lottery ticket only after the insertion of money to pay for a heart and stress test is an illegal gambling scheme, notwithstanding the fact that at one time a purchase was not necessary to obtain a ticket and participate in the lottery.
* Article I, section 9 of the Constitution bans all forms of gambling not expressly authorized in the Constitution itself. Over the years, exceptions have been made to allow for pari-mutuel betting on horse racing (1939); to allow for bingo or similar games of chance to raise funds for eleemosynary groups (1957); to allow for the establishment of the State lottery (1965); and to expand the special exception granted to eleemosynary groups (1975). Each of these exceptions was implemented by constitutional amendment.
** The relevant portion of section 369-e reads as follows:
"Every person, firm or corporation proposing to engage in any game, contest or other promotion or advertising scheme or plan in connection with the promotion, advertising or sale of consumer products or services which offers the opportunity to receive gifts, prizes or gratuities, as determined by chance, without any consideration therefor, where the total announced value of the prizes offered is in excess of five thousand dollars shall file with the secretary of state, at least thirty days prior to the commencement of such game contest or promotion, upon a form that he shall provide, a statement setting forth: . . . the rules and regulations pertaining to such promotion or advertising scheme or plan, which shall include the period of time and the geographic area to be covered by the contest and such other information as the secretary of state may, from time to time require".
* We note that the Stress 2001 machines themselves may also constitute illegal gambling devices (Penal Law, § 225.30; Op Atty Gen No. 85-12).